IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 06-349 |
| v. | : | |
| | : | CIVIL ACTION |
| DERRICK STEPLIGHT | : | NO. 11-2433 |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    FEBRUARY 7, 2012

        Derrick Steplight ("Petitioner") is a federal prisoner
incarcerated at FCI-Schuylkill. Petitioner filed a motion under
28 U.S.C. § 2255 to vacate, set aside, or correct his sentence
("§ 2255 Motion") because he received constitutionally
ineffective assistance of trial and appellate counsel.

        For the reasons set forth below, the Court will deny
and dismiss with prejudice the motion. A Certificate of
Appealability will not issue.

I.    BACKGROUND

        On April 28, 2005, Philadelphia Police Officers
Christopher Szewczak and Michael Johncola stopped Petitioner's
vehicle when they suspected his car was in violation of
Pennsylvania law prohibiting excessive window tinting. One
officer testified that Petitioner covered his waist with his
hand when asked to produce his license, which indicated that

Petitioner was hiding something. The officer asked Petitioner to step out of the car. But Petitioner drove off.

When Petitioner's vehicle was blocked by a double-parked car, he and his passenger, his nephew Shamir Steplight, abandoned the vehicle and fled on foot. One officer testified that each threw a firearm on the ground as they ran. The two were subsequently apprehended and arrested for unlawful possession of a firearm. Petitioner was later indicted in federal court for possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Indictment 1, ECF No. 1.

On November 13, 2006, a jury convicted Petitioner of possession of a firearm by a convicted felon. And U.S. District Court Judge Bruce W. Kauffman sentenced Petitioner to 204 months of imprisonment, 5 years of supervised release, a $1,500 fine, and a $100 special assessment.[1] Judgment 1-3, 5, ECF No. 33.

Petitioner appealed and was appointed counsel. United States v. Steplight, 366 F. App'x 388, 389 (3d Cir. 2010). Petitioner's appointed counsel, Michael J. Kelly, filed a motion to withdraw and, pursuant to Anders v. California, 386 U.S. 738 (1967), prepared a brief in support of the motion.[2] Id. Counsel

---

[1]     The case was later reassigned from Judge Kauffman to the calendar of District Court Judge Eduardo C. Robreno. See Order, Apr. 8, 2011, ECF No. 48.

[2]     "Under Anders, 'if counsel finds his case to be wholly frivolous, after a conscientious examination of it' he may be

2

identified three potentially non-frivolous issues for appeal but concluded that each lacked merit.[3] Id. 389-90. The Third Circuit conducted a full examination of the proceedings and independently examined the issues raised in Counselor Kelly's Anders brief only to conclude that "no non-frivolous issues for appeal exist. Id. at 390. The court affirmed Steplight's conviction. Id. at 391.

Petitioner asserts that he filed a petition for certiorari in the U.S. Supreme Court, but the docket does not reflect the filing of such a petition. Section 2255 Mot. ¶ 9, ECF No. 52.

On April 25, 2011, Petitioner filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.[4] The Government

---

granted permission to withdraw after advising the court of this and submitting 'a brief referring to anything in the record that might arguably support the appeal.'" Steplight, 366 F. App'x at 389 (quoting Anders, 386 U.S. at 744).

[3]     Counselor Kelly discussed three potential issues: "(1) whether sufficient evidence was presented at trial to support the jury's verdict; (2) whether the District Court erred in denying Steplight's motion to suppress; and (3) whether there were any sentencing errors." Steplight, 366 F. App'x at 390.

[4]     Petitioner originally filed the motion on an out-of-date version of the Court's standard form for such motions. The Court directed the Clerk to furnish Petitioner with a copy of the Court's current standard form. Order, Apr. 14, 2011, ECF No. 51. Petitioner completed and filed the current standard form. Section 2255 Mot. 1, ECF No. 52. The Court will consider the arguments raised in this motion along with the Memorandum of Support filed with the original motion. Pet.'s Mem. of Supp. 1, ECF No. 49.

responded. Government's Resp. 1, ECF No. 56. And Petitioner replied. Pet'r's Reply 1, ECF No. 62. The matter is now ripe for disposition.

## II.  LEGAL STANDARD

A prisoner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that he is not entitled to relief.[5] The Court must dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Section 2255 Rule 4(b). A prisoner's pro se pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

## III. DISCUSSION

Petitioner claims he received constitutionally ineffective assistance of counsel during his trial and on

---

[5] Section 2255 provides,

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b) (Supp. III 2010).

appeal. Based on the Petitioner's § 2255 Motion and the evidence of record, it plainly appears that Petitioner is not entitled to relief.

A.   Ineffective Assistance of Counsel Legal Standard

The Sixth Amendment right to counsel is the right to effective assistance of counsel. E.g., Strickland v. Washington, 466 U.S. 668, 686 (1984). To warrant reversal of a conviction, a convicted defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. Id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008). The principles governing ineffective assistance claims under the Sixth Amendment apply in collateral proceedings attacking a prisoner's sentence. See Strickland, 466 U.S. at 697-98.

To prove deficient performance, a convicted defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Court will consider whether counsel's performance was reasonable under all the circumstances. Id. Furthermore, the Court's "scrutiny of counsel's performance must be highly deferential." See id. at 689. That is, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In raising an ineffective assistance claim, the

petitioner must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." Id. at 690. Next, the court must determine whether those acts or omissions fall outside of the "wide range of professionally competent assistance." Id. at 690.

To prove prejudice, a convicted defendant must affirmatively prove that the alleged attorney errors "actually had an adverse effect on the defense." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

B.   Petitioner's Grounds Relating to Trial Counsel

Petitioner raises three grounds that his trial counsel was constitutionally ineffective. All of the grounds are meritless.

First, Petitioner's argument that his trial counsel rendered ineffective assistance because he "failed to know the law surrounding the validity of a traffic stop" is without merit. Section 2255 Mot. 6. Petitioner claims his trial counsel relied on United States v. Mosley, 454 F.3d 249, 251 (3d Cir. 2006) (holding that Government may not use evidence found during

6

illegal stop against any occupant of vehicle), which, Petitioner asserts, did not relate to his case. And Petitioner claims his trial counsel did not "know the law surrounding" Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977) (per curiam) (holding that officer may order driver out of vehicle once lawfully detained for traffic violation). Section 2255 Mot. 7.

At the suppression hearing, Petitioner's trial counsel effectively examined the Government's witness, Officer Szewczak, and Petitioner, who testified at the hearing. Suppression Hr'g Tr. 16-27, 30-34, 55-57, 60-61, Nov. 7, 2006. Trial counsel later argued that Mosley applied because Petitioner was unlawfully stopped. Id. at 66-70. And trial counsel attempted to distinguish Mimms on the basis that Petitioner was unlawfully detained for an unreasonable period. Id. at 70-75, 90-94. Despite trial counsel's argument, the Court denied the motion to suppress after finding that the stop was legal. Id. at 100; Mem. & Order 2-3, ECF No. 24. Trial counsel's conduct did not fall outside of the wide range of professionally competent assistance.

Second, Petitioner's argument that his trial counsel rendered ineffective assistance because he failed to convince Petitioner to plead guilty is without merit. Petitioner's argument is based on the assumption that his trial counsel was ignorant of the law. As explained above, trial counsel was well-

versed in the law as shown by the arguments made during the suppression hearing. Thus, there is no basis for Petitioner's argument that his trial counsel's ignorance caused him to forego a guilty plea.

Third, Petitioner's argument that his trial counsel rendered ineffective assistance because he failed to challenge Petitioner's armed career criminal status is without merit. An individual who violates 18 U.S.C. § 922(g) and who has three convictions of a "serious drug offense" faces a mandatory minimum term of imprisonment of fifteen years. See 18 U.S.C. § 924(e)(1) (2006). A "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A)(ii). Petitioner argues that his state conviction for manufacturing, delivering or possessing with intent to manufacture or deliver is not a "serious drug offense" because he only received a sentence of two and a half to five years of imprisonment. See 35 Pa. Cons. Stat. § 780-113(a)(30) (2003). However, state law prescribes for a violation of this law a maximum term of imprisonment not to exceed fifteen years. See id. § 780-113(f)(1). Therefore, Petitioner properly received the mandatory minimum. In not objecting, Petitioner's trial counsel

was well within the wide range of professionally competent
assistance.

    C.    <u>Petitioner's Grounds Relating to Appellate Counsel</u>

        Petitioner argues that his appellate counsel rendered
constitutionally ineffective assistance because he failed to
argue that the felon-in-possession statute is unconstitutional
and because he failed to attack Petitioner's federal prosecution
after an unsuccessful state prosecution for the same offense.[6]
Both of these arguments are meritless.

        First, Petitioner argues that his appellate counsel
rendered ineffective assistance by failing to argue that the
felon-in-possession statute is unconstitutional because it
proscribes conduct that does not have a substantial effect on
interstate commerce. However, the Third Circuit has upheld the
law under the Commerce Clause when there is evidence that the
firearm traveled in interstate commerce at some time in the
past. <u>See</u> <u>United States v. Singletary</u>, 268 F.3d 196, 205 (3d
Cir. 2001). Here, the parties stipulated that the firearm was
"manufactured outside of the Commonwealth of Pennsylvania and

---

[6]      To the extent Petitioner argues that his appellate
counsel rendered ineffective assistance by failing to object to
his trial counsel's conduct, Petitioner's arguments are
unavailing. Petitioner's trial counsel, as explained above, did
not render constitutionally ineffective assistance. Therefore,
his appellate counsel had no reason to object to his trial
counsel's conduct on appeal.

was therefore in or affecting interstate commerce within the meaning of Title 18, United States Code, Section 922(g)(1)." See Stipulation 4, ECF No. 15 (internal quotation and editorial marks removed). Thus, Petitioner's conviction was not unconstitutional and his appellate counsel was well within the wide range of professionally competent assistance in not raising this constitutional argument on appeal.

Second, Petitioner argues that his appellate counsel rendered ineffective assistance because he failed to raise a claim of "pre-indictment delay." Petitioner claims that "the first [state] arrest and indictment would constitute the starting of the clock for speedy trial purposes." Pet'r's Reply 8. Petitioner's argument, however, lacks merit.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. Congress gave effect to this constitutional right in the Speedy Trial Act "by setting specified time limits after arraignment or indictment within which criminal trials must be commenced." United States v. Lattany, 982 F.2d 866, 870 (3d Cir. 1992) (internal quotation marks removed). Under the Speedy Trial Act, "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. §

10

3161(c)(1) (2006). An "offense" is "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress." Id. § 3172(2). Under the plain meaning of the Speedy Trial Act, therefore, Petitioner's arrest for violation of state law is not an "offense" and did not trigger the period by which a federal indictment must be filed. See United States v. Battis, 589 F.3d 673, 679 (3d Cir. 2009) ("When an arrest on state charges is followed by a federal indictment, the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on that date."). Petitioner's appellate counsel was well within the range of professionally competent assistance in not challenging the federal Indictment for pre-indictment delay.

Therefore, with regard to all of the claims Petitioner raises in his § 2255 Motion and accompanying memoranda, it plainly appears that Petitioner is not entitled to relief.

**IV.  CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a Section 2255 motion, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). See Section 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional

11

right." 28 U.S.C. § 2253(c)(2) (2006). To succeed under this standard, "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, an evidentiary hearing is not required because it plainly appears that Petitioner is not entitled to relief on any of the grounds raised. For the reasons provided, Petitioner is also not entitled to a COA because he has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a COA.

**V.   CONCLUSION**

        For the reasons provided, the Court will deny and dismiss with prejudice Petitioner's motion to vacate, set aside, or correct his sentence. A Certificate of Appealability will not issue. An appropriate order will follow.